# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

DANIEL M. ANDREOLA, SR.,

        Plaintiff,

    v.                              Case No. 04-C-0282

JAMES DOYLE, et al. ,

        Defendants.

---

## ORDER

---

On April 15, 2005, the plaintiff filed a motion for preliminary relief. Plaintiff sought an order enjoining the defendants from searching his legal files as to their content. The court directed the defendants to respond to plaintiff's motion on or before May 6, 2005. In addition, the court noted that, although it was not clear from plaintiff's motion that the defendants were actually searching his files for the content, such searches, if they were going on, should cease until further order. The order was limited to searches of plaintiff's case-related legal files.

The defendants have now responded to plaintiff's motion, but in addition seek immediate vacation of the court's order to the extent it prevents them from searching plaintiff's files, including his legal files, for contraband. Defendants point out that under 18 U.S.C. § 3626, the court is prohibited from granting respective relief "if the relief was approved or granted in the absence of a finding by the court that the relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is of the least intrusive means necessary to correct the violation of the Federal right."

I conclude that the defendants are entitled to the relief they seek. The order is not sufficiently narrow and extends beyond what is needed to prevent violations of plaintiff's constitutional rights. As defendants accurately note, guards may search all files, including legal files, for contraband. They may also review legal files to the limited extent necessary to insure that they are what they purport to be. Once the determination is made that the file is wholly related to the inmates legal proceeding, their review should cease.

Because my earlier order was over broad, it should be vacated. More importantly, since no finding has yet been made that defendants have violated or intend to violate plaintiff's rights by reading his legal files, no preliminary relief is appropriate. Defendants apparently are aware of what they are allowed to do and, absent a finding to the contrary, will be assumed to be in compliance with the law. Rather than enter any order at this time, the court will await the full briefing of the issue by the parties.

Therefore court's Order of April 19, 2005 is vacated insofar as it enjoins defendants from examining plaintiff's legal files. The briefing schedule set forth in that order shall remain in effect.

**SO ORDERED.**

Dated this _4th_ day of May, 2005.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

2