UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DANIEL M. ANDREOLA, SR.,

        Plaintiff,

   v.                                                     Case No. 04-C-0282

STATE OF WISCONSIN, et al.,

        Defendants.

**ORDER DENYING MOTIONS FOR PRELIMINARY RELIEF**

On February 1, 2005, plaintiff filed a Motion for Preliminary Relief based upon medical necessity (Docket #77) in the above matter. In the motion, the plaintiff argues that his prepared Kosher meals at Oshkosh Correctional Institution (OSCI) are inconsistent with a new medically prescribed, no-salt-added diet. He claims that the meals prepared for him at prison will cause him to suffer irreparable injury.

I note at the outset that the amended complaint in this case does not include a claim that prison officials have failed to provide plaintiff a nutritionally adequate diet or been deliberately indifferent to his serious medical needs. The primary claim against the defendants is that they have violated plaintiff's First Amendment right to the free exercise of his religion by failing to provide a proper kosher diet. The amended complaint also includes an equal protection claim that based on the allegation that plaintiff does not receive the "same types of foods" as other inmates at OSCI. Thus, plaintiff's claim that his health is now endangered as a result of the diet provided him is not properly before me. Given the seriousness of the allegation, however, and plaintiff's pro se status,

I directed the defendants to file a response so I could address plaintiff's request for emergency relief on the merits.

Upon receiving plaintiff's motion, defendants forwarded to him a standard Authorization and Informed Consent for Use and Disclosure of Medical Information. Plaintiff initially refused to sign the authorization and consent. (Andreola 2/7/05 Letter (Docket #79).) The court, in its Order of February 16, 2005, excused defendants from responding to the motion until 21 days after plaintiff signed the authorization, and warned plaintiff that his motion would be denied if he refused to sign the authorization. Thereafter, plaintiff executed an authorization, but edited the sentence reading "I am aware that my permission to disclose my [protected health information] is voluntary, and that I may refuse to give this permission," to read "I am aware that my permission to disclose my [protected health information] is court-ordered, and that I may not refuse to give this permission." (Authorization and Informed Consent (Docket #82).) Defendants claim that this authorization does not permit them access to plaintiff's medical records under state law. (Schmelzer 3/14/05 Letter (Docket #84).) Thus, they have not responded to the motion.

Based on plaintiff's failure to provide a proper medical release, his motion for a preliminary injunction relating to the salt content of his meals will be denied. By striking the language in the form medical authorization and inserting language indicating he was not consenting to the release of his records, plaintiff has failed to provide the authorization required for the release of his records. The plain fact is that this court has not ordered plaintiff to consent to the disclosure of his medical records. The court advised plaintiff that he had a choice. Plaintiff has asserted a claim against the defendants that placed his medical condition at issue; therefore, defendants had a right to view his medical records so they could properly assess his claim. Plaintiff was advised he could either waive

2

his physician/patient privilege and sign the authorization or his claim would be dismissed. By modifying the form to indicate that his consent was not voluntary, plaintiff has prevented defendants for gaining access to the relevant records. For this reason alone, plaintiff's motion will be denied. But even if I were to reach the merits, plaintiff has failed to make the showing necessary to warrant such relief.

To obtain a preliminary injunction, a plaintiff must demonstrate a likelihood that he will prevail on the merits of the lawsuit, that there is no adequate remedy at law, and that he will suffer irreparable harm without injunctive relief. If these requirements are met, the court must then balance the degree of irreparable harm to the plaintiff against the harm that the defendant will suffer if the injunction is granted. *Publications Int'l, Ltd. v. Meredith Corp.*, 88 F.3d 473, 478 (7th Cir. 1996). When a lawsuit concerns prison conditions, "[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief, and it may not order state or local officials to violate state or local laws, or to exceed their authority under those laws, unless

(I) Federal law requires such relief to be ordered in violation of State or local law;

(ii) the relief is necessary to correct the violation of a Federal right; and

(iii) no other relief will correct the violation of the Federal right.

*Id.* The plaintiff bears the burden of persuasion with respect to each factor, and "if the plaintiff fails to meet just one of the prerequisites for a preliminary injunction, the injunction must be denied." *Cox v. City of Chicago*, 868 F.2d 217, 223 (7th Cir. 1989).

3

Here, plaintiff has not demonstrated that irreparable harm would occur absent issuance of a preliminary injunction. Plaintiff submitted a declaration in support of his motion. The attachments to that affidavit reveal that a no-salt-added diet means that no salt should be added to plaintiff's meals at the table. (Andreola 2/28/05 Decl., Exs. 7, 21.) Plaintiff, not defendants, controls addition of salt at the table. Plaintiff asserts that his prepackaged Kosher meals have salt added as a preservative before they reach the table. However, plaintiff submits neither evidence of the salt content of his current meals nor evidence concerning the maximum salt allowable under a no-salt-added diet. For this reason, too, plaintiff's motion will be denied.

On April 15, 2005, plaintiff filed another Motion for Preliminary Relief (Docket #91). This motion asks the court to enjoin defendants from interfering with plaintiff's receipt of responses to his discovery requests or searching plaintiff's legal files for content." (Mot. at 1.) Plaintiff asks that the court require searches of his legal files to be conducted only in his presence. (Mot. at 1.) Plaintiff states that the injunction is necessary to prevent harassment, intimidation, or embarrassment of prison officials and potential witnesses whose names appear in the discovery responses. (Mot. at 2.)

Defendants oppose the motion. They state that the Wisconsin Department of Corrections has policies in place governing how searches of inmates' mail and inmates' cells are performed. *See* Wis. Admin. Code § DOC 306.16 (cells); Wis. Admin. Code § DOC 309.04 (mail). Prison officials inspect legal mail and legal documents kept in inmates' cells only insofar as is necessary to determine that these items are indeed legal in nature. (Zanon Aff. ¶¶ 6-9.) The fact that mail and cells can contain various sorts of contraband necessitates such inspections. (Zanon Aff. ¶ 7.) Defendants state that requiring that searches be conducted only in an inmate's presence may

4

preclude prison officials from searching a cell at times when sufficient staff are available and may lead to interference in the searches by the inmate. (Zanon Aff. ¶ 11.) Defendants also indicate a concern that other inmates with legal files in their cells would feel entitled to the same treatment given to Andreola were the injunction to issue. (Zanon Aff. ¶ 12.) Finally, defendants state that they are unaware of any confidential employment information that has been disclosed or will be disclosed in their discovery responses. (Br. in Opp. at 3 n. 1.)

In light of these facts, the court is unable to find that plaintiff faces irreparable harm absent issuance of a preliminary injunction. Nor can the court find that enjoining prison officials to disregard their policies concerning mail and cell searches is "necessary to correct the violation of a Federal right." 18 U.S.C. § 3626(a)(1)(B)(ii). Plaintiff's motion will therefore be denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Motions for Preliminary Relief (Docket #77 and #91) are hereby **DENIED.**

Dated this   23rd   day of May, 2005.

                                          s/ William C. Griesbach
                                          William C. Griesbach
                                          United States District Judge