# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DANIEL M. ANDREOLA, SR.,

        Plaintiff,

    v.                                   Case No. 04-C-0282

STATE OF WISCONSIN, *et al.*,

        Defendants.

## MEMORANDUM AND ORDER

Plaintiff Daniel M. Andreola, Sr., filed a lawsuit alleging that he was denied a kosher diet while incarcerated at the Dodge Correctional Institution (DCI), in violation of his rights under the First Amendment (as incorporated by the Fourteenth Amendment and made actionable by 42 U.S.C. § 1983) and the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc *et seq.* Presently before the court are plaintiff's motion to add the State of Wisconsin and the Wisconsin Department of Corrections as defendants, and defendants' motion for summary judgment on plaintiff's compensatory and punitive damages claims. For the following reasons, plaintiff's motion will be denied, and defendants' motion will be granted in part and denied in part.[1]

The court has set forth the relevant facts in its previous orders but will briefly recount them here. Plaintiff identified himself as an Orthodox Jew and requested a religious diet upon arriving

---

[1]Also pending are plaintiff's motion to suppress defendants' response to his motion to reinstate, which will be denied as moot, and defendants' motion for leave to file a motion for summary judgment on punitive damages, which will be granted on the basis of the hearing held on April 21, 2006.

at DCI on November 14, 2003. The prison chaplain approved the diet on November 25, 2003, and Defendant Dennis Glass (the Food Service Administrator at DCI) received notice of that approval the following day. Glass was "concerned about spending budget monies on Kosher meals that would most likely not arrive at DCI until after Andreola transferred to [OSCI]." (Glass Aff. ¶ 19.) Specially ordered kosher meals, if ordered, would most likely not have arrived at DCI until after plaintiff was transferred. (Glass Aff. ¶ 21.) No other inmates at DCI had requested or been approved to receive a kosher diet. (Glass Aff. ¶ 19.) Therefore, Glass "made the decision to forego ordering the special Kosher meals and [to] try to meet [plaintiff's] requests with the food . . . available at DCI prior to his transfer." (Glass Aff. ¶ 19.) Glass was "not aware of any other institutions from which [he] could borrow Kosher meals to serve [plaintiff] during his brief stay at DCI."[2] (Glass Aff. ¶ 20.) Defendants maintain that plaintiff could have consumed a nutritionally-balanced kosher diet by consuming food available to all DCI prisoners. (Capelle Aff. ¶ 6.) Plaintiff, however, claims that no one at DCI ever pointed out any kosher food items to him, and that throughout his incarceration at DCI he was served the same meals as the other inmates. (8/9/05 Andreola Aff. ¶¶ 1-2.)

Plaintiff has moved to "reinstate" the State of Wisconsin and the Wisconsin Department of Corrections as defendants against his RLUIPA claim. Plaintiff named the State and the DOC as defendants in his original complaint; however, the court dismissed that complaint under 28 U.S.C. § 1915A(b) because the State and the DOC are not "persons" within the meaning of § 1983.[2] Despite their appearance in the caption, the State and the DOC were not named as defendants in

---

[2]Plaintiff raised RLUIPA before this court for the first time in April 2006.

2

plaintiff's amended complaint and have never been served with process in this case. Plaintiff has not moved for leave to amend and has not submitted a proposed amended complaint.

This case is nearly two and one half years old. Trial is scheduled to begin in less than three weeks. The court may deny a motion to add parties to a case where the motion is not timely. *E.g.*, *McLouth Steel Corp. v. Mesta Mach. Co.*, 116 F. Supp. 689 (E.D. Pa. 1953). Plaintiff's RLUIPA claim may continue against Defendant Glass, but he will not be permitted to add additional defendants at this late hour.

Defendants have moved for summary judgment on plaintiff's claim for compensatory damages. In support of their motion, they cite 42 U.S.C. § 1997e(e), which states:

> No federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

Courts of appeals in other circuits, *e.g. Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir. 2001) (explaining that the plain language of § 1997e(e) "does not permit alteration of its clear damages restrictions on the basis of the underlying rights being asserted," and applying this bar to inmate's claim that prison chaplain violated his First Amendment right to free exercise of religion by denying him approval for kosher diet), as well as at least one district court in this circuit, *Meyer v. Teslik*, 411 F. Supp. 2d 983 (W.D. Wis. 2006) (holding that plaintiff was not entitled to recover compensatory damages for past deprivation of free exercise rights), have held that this statute limits free exercise claimants to nominal damages of one dollar. Defendants argue that plaintiff should be so limited here.

Attempting to escape these precedents, plaintiff argues that he seeks compensation not for mental or emotional injury but for the violation of his constitutional rights. The Supreme Court

3

rejected the theory that the deprivation of a constitutional right gives rise to a species of compensatory damages other than those recognized by the common law in *Memphis Comm. School Dist. v. Stachura*, 477 U.S. 299 (1986). In *Stachura*, the plaintiff sought compensatory damages for the deprivation of his First Amendment and due process rights. The trial court instructed the jury that "in determining how much was necessary to compensate [the plaintiff] for the deprivation of his constitutional rights, they should place a money value on the rights themselves by considering such factors as the particular right's importance . . . in our system of government, its role in American history, and its significance . . . in the context of the activities in which [the plaintiff] was engaged." *Id.* at 308 (internal quotation marks omitted). The Court held that the instruction was error and reversed. In doing so it made clear that "the abstract value of a constitutional right may not form the basis for § 1983 damages." *Id.* Accordingly, the court holds that plaintiff may not recover compensatory damages for the abstract value of his First Amendment rights. Since plaintiff does not allege any physical injury, § 1997e(e) bars any compensatory damages he seeks for mental or emotional injury.

Plaintiff's claims arise not only under § 1983 but also under RLUIPA. RLUIPA provides that a court may order "appropriate relief" for a violation. Whether this includes compensatory damages for retrospective violations, even absent § 1997e(e), is questionable. Even if it does, RLUIPA gives no indication that Congress intended deviation from the rule that the common law should provide the measure of compensatory damages where they are available. *Cf. Adkins v. Kaspar*, 393 F.3d 559, 566-567 (5th Cir. 2004) (recognizing that RLUIPA was an attempt by Congress to reinstate free exercise jurisprudence status quo ante *Employment Division v. Smith*, 494 U.S. 872 (1990)). Accordingly, the court holds that RLUIPA authorizes no species of damages

4

other than those recoverable in a First Amendment case, and, accordingly, that § 1997e(e) bars recovery of compensatory damages on plaintiff's RLUIPA claims.

Defendants argue that they are entitled to summary judgment on plaintiff's punitive damages claims as well. "[A] jury may be permitted to assess punitive damages in an action under § 1983 when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983). "The difference between deliberate and reckless harm is the difference between wanting to hurt someone and knowing that hurting someone is a highly likely consequence of an act undertaken for a different end. But in the latter case there must be knowledge of the danger that the defendant's act creates . . . ." *Soderbeck v. Burnett County, Wis.*, 752 F.2d 285, 290 (7th Cir. 1985).

No evidence suggests that Mr. Glass acted with the motive or intent of depriving plaintiff of the free exercise of religion. To the contrary, all evidence suggests that Mr. Glass had concerns about limited resources and a reluctance to undertake what would possibly amount to a futile endeavor (given that plaintiff was scheduled to leave DCI in a short time) in mind when he decided not to order kosher food. Indeed, Glass states that the actions he took with respect to plaintiff's diet were not intended to prohibit or restrict plaintiff's right to practice his religion. (Glass Aff. ¶ 22.) However, plaintiff claims that defendants did nothing to accommodate his dietary concerns and that he received the same non-kosher diet as other inmates throughout. If defendants had the ability to provide plaintiff with a kosher diet, but failed to do so, a jury could reasonably conclude that defendants acted with reckless or callous indifference to plaintiff's federally-protected rights, albeit

5

in pursuit of a legitimate end.[3]  Accordingly, the court declines to grant summary judgment on plaintiff's claim for punitive damages.

**IT IS THEREFORE ORDERED** that plaintiff's motion to reinstate the State of Wisconsin and the Department of Corrections as defendants (Docket #150) is hereby **DENIED.**

**IT IS ALSO ORDERED** that plaintiff's motion to suppress (Docket #156) is **DENIED.**

**IT IS FURTHER ORDERED** that defendants' motion for leave to file summary judgment on issue of punitive damages (Docket #158) is **GRANTED.**

**IT IS ALSO ORDERED** that defendants' motion for summary judgment (Docket #159) is **GRANTED** with respect to plaintiff's compensatory damages claims.  Defendants' motion is **DENIED** with respect to plaintiff's punitive damages claims.

Dated this   19th   day of July, 2006.


s/ William C. Griesbach
William C. Griesbach
United States District Judge

---

[3]The parties have not addressed whether punitive damages may constitute "appropriate relief" under § 2000cc-2(a).

Case 1:04-cv-00282-WCG   Filed 07/19/06   Page 6 of 6   Document 167