# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

DANIEL M. ANDREOLA, SR.,

        Plaintiff,

   v.                             Case No. 04-C-282

DENNIS GLASS,

        Defendant.

---

**ORDER**

---

Plaintiff Daniel M. Andreola, Sr. filed this lawsuit alleging that he was denied a kosher diet while incarcerated at Dodge Correctional Institution (DCI) in violation of his rights under the First Amendment (as incorporated by the Fourteenth Amendment and made actionable by 42 U.S.C. § 1983) and the Religious Land Use and Institutionalized Persons Act (RLUIPA) 42 U.S.C. § 2000cc *et seq*. Following extensive pretrial motion practice, the case was tried to a jury on August 8th and 9th, 2006. The case was submitted to the jury in the form of a special verdict and the jury concluded that Andreola did not hold a sincere religious belief in Orthodox Judaism at the time his request was made. Based upon the jury's finding, the court concluded that no violation could be shown and judgment was entered in favor of the defendant.

Andreola has now filed a motion for a new trial pursuant to Rule 59 and Rule 60(b) of the Federal Rules of Civil Procedure. He alleges that he is entitled to a new trial because: (1) the court mistakenly advised him that witnesses from Oakhill Correctional Institution were not available to testify; (2) there was insufficient evidence to support the jury's verdict; and (3) the court's instructions were erroneous regarding his sincerity and his Religious Land Use and Institutionalized

Persons Act claim. Andreola has also filed a motion for sanctions requesting that the assistant

attorney general representing the defendant be sanctioned because a witness he called has been

threatened by institutional staff, despite this court's previous warning to counsel for the defendant

that any retaliation against witnesses called by the plaintiff would be improper. Both motions will

be denied.

Andreola's primary challenge is to the jury determination that he did not hold a sincere

belief in Orthodox Judaism at the time he made his request for kosher food. He claims that the

court's instruction on the issue was erroneous and that the evidence does not support the jury's

verdict. The jury was instructed that the plaintiff was required to establish as the first element of

his claim that he sincerely held a religious belief at the time he made his request for a kosher diet.

With respect to this element of his claim, the jury was instructed:

> A religious belief is "sincere" if it is truly held and religious in nature. Evidence of
> plaintiff's nonobservance is relevant to the question of whether his religious beliefs
> are sincerely held, but such evidence does not compel you to reach a conclusion that
> they are not. A person may have a sincere religious belief even though he may fail
> at times to act in accordance with that belief. In addition, a person may change in
> his religious faith or fervor and make a greater commitment to follow the dictates
> of his faith. The question is not whether the plaintiff has always acted in accordance
> with the tenets of his religion, but whether he was sincere in his expression of desire
> and intent to practice his religion at the time he submitted his request to the
> defendant. You cannot look into a person's mind to determine intent. In making this
> determination, you may therefore consider all of the plaintiff's words and actions,
> and all other evidence that bears on the issue of intent.

(Docket #181 at 10.)

The defendant argues that Andreola waived any error in the jury instructions by failing to

object at the time of the jury instruction conference. *See* Fed. R. Civ. P. 51(c)(1); *Gordon v.*

*Degelmann,* 29 F.3d 295, 298 (7th Cir. 1994). Of course, if the defendant is correct that Andreola

2

did not object, then the error is waived and further review would be for plain error only. This court has no specific recollection of any objection made by Andreola at the time of the jury instruction conference to the content of this instruction. Even aside from the failure to object, however, the court notes that Andreola, even now, does not indicate what specific error is contained in the instruction. Other than stating the court and jury were required to accept his allegation that he was sincere, he provides no alternative as to how the jury should have been instructed. I conclude that there was no error.

Based upon the instruction that was given, I also conclude, as I did after the verdict was returned, that the jury had a sufficient basis upon which to conclude that this element had not been met. There was evidence, stipulated by Andreola, that he had regularly eaten at fast food restaurants and other nonkosher establishments prior to his incarceration. His lifestyle that led to his incarceration was also contrary to the tenets of his faith. Finally, and perhaps most importantly, Andreola did not testify and personally affirm his religious faith. Under Rule 59, "only when a verdict is contrary to the manifest weight of the evidence should a motion for a new trial challenging the jury's assessment of the facts carry the day." *Cefalu v. Village of Elk Grove*, 211 F.3d 416, 424 (7th Cir. 2000). Under the circumstances, I concluded that this evidence was not so compelling that the jury was not free to find otherwise, as they did. Its finding is not against the manifest weight of the evidence.

As a third ground for seeking a new trial, Andreola claims that the court erroneously advised him that there were not witnesses available to testify by telephone at Oakhill Correctional Center. He claims that, had he known witnesses were available, he would not have rested. This court has no recollection of any such conversation. In fact, the court's recollection is that a witness Andreola

3

intended to call was available to testify by telephone, but he chose not to call that witness. In any event, it was Andreola's obligation to produce witnesses at his trial in order to prove his case. If he failed to do so, it was not as a result of any burdens placed upon him by the court. This claim, like the previous claims, does not warrant a new trial.

Finally, with respect to Andreola's motion for sanctions, the court notes that the assistant attorney general that handled the case has responded in an Affidavit setting forth her efforts to comply with this court's request and advise institutional staff of the importance of not retaliating against any person who testified on behalf of the defendant. On the record as it now stands, the court finds no basis for concluding that retaliation has occurred and thus this motion will also be denied.

**IT IS THEREFORE ORDERED** that the plaintiff's motion for a new trial and his motion for sanctions are **denied**.

Dated this ___13th___ day of September, 2006.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

4